UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REV. JAMES EINAR PEDERSEN; REV. HAROLD DAVID BAILEY, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF IDAHO; CASSIA COUNTY; FIFTH JUDICIAL DISTRICT; SUPREME COURT OF THE STATE OF IDAHO; CITY OF BURLEY; CITY OF BURLEY PROSECUTOR'S OFFICE; CASSIA COUNTY SHERIFF'S DEPARTMENT, <br><br> Defendants. | Case No. 4:11-cv-00601-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it Defendants Cassia County and City of Burley's motion to dismiss Pursuant to F.R.C.P. 12(b)(6) (Dkt. 8), and Plaintiffs' Motion for Expedited *Ex Parte* Temporary Restraining Order or Temporary Injunction (Dkt. 15) ).

# LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557.

In a more recent case, the Supreme Court identified two "working principles" that underlie *Twombly*. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 1950. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id*.

Providing too much in the complaint may also be fatal to a plaintiff. Dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009)(issued 2 months after Iqbal).[1] The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

---

[1] The Court has some concern about the continued vitality of the liberal amendment policy adopted in Harris v. Amgen, based as it is on language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), suggesting that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim. . . ." Given *Twombly* and *Iqbal's* rejection of the liberal pleading standards adopted by Conley, it is uncertain whether the language in *Harris v. Amgen* has much of a life expectancy.

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## ANALYSIS

1. **Motion to Dismiss**

Defendants ask the Court to dismiss Plaintiffs' claims pursuant Rule 12(b)(6), *Twombly and Iqbal* because Plaintiff's claims are essentially unintelligible. The Court agrees. Although Plaintiffs make some general allegations suggesting that they were improperly prosecuted, and that Defendants lacked jurisdiction over them, they give no clear indication of what they are talking about. They cite all types of statutes and constitutional provisions, but they fail to tie them to their claims. They ask for an injunction, but it is not clear what actions by Defendants they want enjoined. In sum, the Court simply cannot understand Plaintiffs' claims. Moreover, Plaintiffs failed to respond to Defendants' Motion to Dismiss, and the time for filing a response has passed.

Under these circumstances, the Court will grant the Motion to Dismiss. However, the Court will give Plaintiffs and opportunity to amend their complaint to comply with the

pleading rules and case law. The Court cautions Plaintiffs that if they file an amended complaint which again simply lists statutes and constitutional provisions, without tying them to their claims and explaining their claims in a more intelligible way, the Court will dismiss their complaint without leave to amend.

## ORDER

**IT IS ORDERED:**

1. Defendants Cassia County and City of burley's motion to dismiss Pursuant to F.R.C.P. 12(b)(6) (Dkt. 8) is **GRANTED** with leave to amend. Plaintiffs may file and amended complaint on or before **April 2, 2012**.

2. Plaintiffs' Motion for Expedited *Ex Parte* Temporary Restraining Order or Temporary Injunction (Dkt. 15) is **DENIED** without prejudice.

DATED: **March 9, 2012**

B. LYNN WINMILL
Chief U.S. District Court Judge