UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REV. JAMES EINAR PEDERSEN; REV. HAROLD DAVID BAILEY, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF IDAHO; CASSIA COUNTY; FIFTH JUDICIAL DISTRICT; SUPREME COURT OF THE STATE OF IDAHO; CITY OF BURLEY; CITY OF BURLEY PROSECUTOR'S OFFICE; CASSIA COUNTY SHERIFF'S DEPARTMENT, <br><br> Defendants. | Case No. 4:11-cv-00601-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendants Cassia County and City of Burley's motion to dismiss Plaintiffs' Amended Complaint Pursuant to F.R.C.P. 12(b)(6) (Dkt. 21).

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual

allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557.

In a more recent case, the Supreme Court identified two "working principles" that underlie *Twombly*. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 1950. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Providing too much in the complaint may also be fatal to a plaintiff. Dismissal may

be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery.  *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment."  *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009)(issued 2 months after Iqbal).[1]  The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims."  *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice.  *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987).  The Court

---

[1] The Court has some concern about the continued vitality of the liberal amendment policy adopted in Harris v. Amgen, based as it is on language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), suggesting that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim. . . ."  Given *Twombly* and *Iqbal's* rejection of the liberal pleading standards adopted by Conley, it is uncertain whether the language in *Harris v. Amgen* has much of a life expectancy.

may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment.  *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 (9th Cir. 2004).  The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment.  *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## ANALYSIS

**1.**     **Motion to Dismiss**

Defendants asked the Court to dismiss Plaintiffs' original Complaint pursuant Rule 12(b)(6), *Twombly* and *Iqbal* because Plaintiffs' claims were essentially unintelligible. The Court agreed.  The Court explained that although Plaintiffs made some general allegations suggesting that they were improperly prosecuted, and that Defendants lacked jurisdiction over them, they gave no clear indication of the basis for their claims.  They referenced all types of statutes and constitutional provisions, but failed to tie them to their claims. The Court simply could not understand Plaintiffs' claims. Moreover, Plaintiffs failed to respond to Defendants' Motion to Dismiss, and the time for filing a response has passed.

Under those circumstances, the Court granted the Motion to Dismiss. However, the Court gave Plaintiffs an opportunity to amend their complaint to comply with the pleading rules and case law. The Court cautioned Plaintiffs that if they filed an amended complaint which again simply listed statutes and constitutional provisions, without tying

them to their claims and explaining their claims in a more intelligible way, the Court would dismiss their amended complaint without leave to amend.

Plaintiffs did just that. The Amended Complaint does nothing to clarify their original claims, and it is just as unintelligible as the first. Moreover, although the Court notified Plaintiffs that Defendants had filed a second motion to dismiss, Plaintiffs again failed to respond to the motion. Accordingly, the Court will grant the motion to dismiss, and the Court will not give Plaintiffs a third bite at the apple – the Court will dismiss their Amended Complaint with prejudice.

## ORDER

IT IS ORDERED:

1. The Court has before it Defendants Cassia County and City of Burley's motion to dismiss Plaintiffs' Amended Complaint Pursuant to F.R.C.P. 12(b)(6) (Dkt. 21) is **GRANTED**. This case will be dismissed in its entirety with prejudice.

2. The Court will enter a separate Judgment in accordance with Fed. R. Civ. P. 58.



DATED: **June 6, 2012**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge