UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REV. JAMES EINAR PEDERSEN;<br>REV. HAROLD DAVID BAILEY,<br><br>                 Plaintiffs,<br><br>      v.<br><br>STATE OF IDAHO; CASSIA<br>COUNTY; FIFTH JUDICIAL<br>DISTRICT; SUPREME COURT OF<br>THE STATE OF IDAHO; CITY OF<br>BURLEY; CITY OF BURLEY<br>PROSECUTOR'S OFFICE; CASSIA<br>COUNTY SHERIFF'S DEPARTMENT,<br><br>                Defendants. | Case No. 4:11-cv-00601-BLW<br><br>**MEMORANDUM DECISION AND<br>ORDER** |

The Court has before it the Motion to Reconsider Order Dismissing with Prejudice (Dkt. 26). A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) Error must be corrected; and (2) Judicial efficiency demands forward progress. The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.*, 591 F.2d 74, 79-80 (9th Cir. 1979). While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely

expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912).  "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous.  There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988).

Reconsideration of a court's prior ruling under Federal Rule of Civil Procedure 59(e) is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (citation omitted).  If the motion to reconsider does not fall within one of these three categories, it must be denied. The pending motion does not fall within one of these categories. Therefore, it will be denied.

## ORDER

**IT IS ORDERED:**

1.      Motion to Reconsider Order Dismissing with Prejudice (Dkt. 26) is

    **DENIED**.

MEMORANDUM DECISION AND ORDER - 2

DATED: **July 9, 2012**

B. LYNN WINMILL
Chief U.S. District Court Judge